**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PETER SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO.    16-15045** |
| **STATE OF LOUISIANA** | **SECTION: "J"(5)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).    For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE.**

*Procedural History*

Petitioner, Peter Simmons, is a convicted inmate currently incarcerated at the Natchitoches Parish Detention Center, in Natchitoches, Louisiana.    In 2014, he was charged by bill of information with the unauthorized use of a motor vehicle.[1]    On July 30, 2015, a

---

[1] State Rec., Vol. 2 of 4, Bill of Information.

jury found him guilty as charged.[2]    On August 10, 2015, the trial court denied his motion for post-verdict judgment of acquittal and for a new trial and sentenced him to 80 months imprisonment.    The State filed a multiple-offender bill of information that same day. Upon Simmons's guilty plea as a third-felony offender, the trial court vacated the original sentence and sentenced him as a multiple offender to 80 months imprisonment at hard labor without benefit of probation or suspension of sentence.[3]

On direct appeal, Simmons asserted that the trial court erred in admitting other crimes evidence under Louisiana Code of Evidence article 404(B).    On April 27, 2016, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence.[4]    On or about May 24, 2016, he sought review of that ruling by petition for writ of certiorari filed with the Louisiana Supreme Court.[5]    That writ application currently remains pending before the Louisiana Supreme Court.[6]

---

[2]   State Rec., Vol. 2 of 4, Minute Entry, 7/30/15; *see also* Jury Verdict.

[3]   State Rec., Vol. 2 of 4, Minute Entry, 8/10/15; *see also* State Rec., Vol. 3 of 4, Transcript of Sentencing.

[4]   *State v. Simmons*, 15-KA-791 (La. App. 5 Cir. 4/27/16), 190 So.3d 1274, State Rec., Vol. 4 of 4.

[5]   State Rec., Vol. 4 of 4, Petition for Writ of Certiorari No. 16-KO-991.

[6]   His application for writ of certiorari requests that the writ of certiorari be held in abeyance "until he can properly file a brief with the court."    During the pendency of his writ application, he has filed several motions for production of documents in the trial court unsuccessfully requesting trial transcripts to assist him in preparing his brief.    *See* State Rec., Vol. 1, 2.    He also filed a motion to correct an illegal sentence, which was denied by trial court order signed August 16, 2016.    State Rec., Vol. 1.    Finally, he submitted, albeit

On or about September 13, 2016, Simmons filed his federal application for *habeas corpus* relief.[7]   In that petition, he asserts three grounds for relief: (1) he was deprived of a 404(B) hearing prior to trial regarding the use of other crimes evidence; (2) the use of other crimes evidence at trial violated his constitutional rights; (3) the trial court erred in denying his request for production of documents.

The State contends that the federal application should be dismissed without prejudice for failure to exhaust his remedies in the state courts, in light of the currently pending Louisiana Supreme Court writ application.[8]

*Analysis*

"Before seeking a federal writ of *habeas corpus*, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."   *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted).   The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district

---

apparently in error, his federal application for *habeas* relief to the state district court, which issued an order on July 21, 2016, to that effect, dismissing the petition.   State Rec., Vol. 1.

[7] Rec. Doc. 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[8] Rec. Doc. 7.

court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."   *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted).   That requirement applies to *all* levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review )."   *Baldwin*, 541 U.S. at 29 (emphasis added).   "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).   Thus, in order to exhaust fully, the substance of the federal *habeas* claim be fairly presented to the highest state court.   *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)).

In this case, however, Simmons has submitted only one writ application to the Louisiana Supreme Court.   In May 2016, he filed an application for writ of certiorari

challenging the ruling of the Louisiana Fifth Circuit on direct appeal.   His federal application notes that he has not challenged the third ground for relief (denial of production of documents) in the state courts.    Moreover, the State has confirmed, and indeed Simmons concedes, that his Louisiana Supreme Court writ application is still pending at the present time.[9]   Where a state application remains pending, it generally cannot be said that the claims asserted therein are exhausted.    *See*, *e.g.*, *Bruce v. Deville*, 15-1008, 2015 WL 6440336, at *3 (E.D. La. Oct. 21, 2005) (citing *Larrimore v. Montgomery,* No. CV–13–8841, 2013 WL 6478599, at *1 (C.D. Cal. Dec. 9, 2013) ("[W]hen a federal habeas claim is still pending before a state court, a federal habeas petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim."); *Bartley v. Beckstrom*, Civil No. 7:12–cv–66, 2013 WL 149481, at *2 (E.D. Ky. Jan. 14, 2013); *Cunningham v. Green*, Civ. Action No. 09–cv–02942, 2010 WL 1667786, at *2 (D. Colo. Apr. 23, 2010) ("[M]erely filing an appeal does not satisfy the fair presentation requirement."); *Prior v. Hofmann*, No. 1:08–cv–139, 2008 WL 5412850, at *2 (D. Vt. Dec. 29, 2008) ("Because it is undisputed that Prior's ineffective assistance claim is still pending before the Vermont Supreme Court, his state court remedies on that issue have not been exhausted.")).    Although a federal court can excuse the exhaustion requirement "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to

---

[9] A member of the undersigned's staff likewise confirmed with the Clerk's Office of the Louisiana Supreme Court that no action was taken on Simmons's writ application, which is still pending at this time.

impinge upon his due process rights," *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993), that exception does not apply here where Simmons himself requested an abeyance in his writ application.      Therefore, all of the claims asserted in the federal application remain unexhausted.     The third claim for relief has not been presented, by his own admission, to the state courts, including the Louisiana Supreme Court, nor has the Louisiana Supreme Court had an opportunity to correct the alleged violations asserted herein, in any event, where his state-court application is still pending.

The state-court record reflects that Simmons has not yet exhausted state-court remedies as to the claims raised in his federal application.      Accordingly, his federal application is premature and should be dismissed without prejudice.[10]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Simmons's application for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

---

[10]   The Court notes that even assuming that Simmons could seek to stay these federal proceedings involving fully unexhausted claims pending his efforts to exhaust, despite the lack of United States Supreme Court authority for that proposition, *see Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (approving stay and abeyance of only mixed petitions involving exhausted and unexhausted claims); *Watt v. Marchilli*, 16-40045-TSH, 2016 WL 6661144, at *3 (D. Mass. Nov. 10, 2016) (noting only circuit court authority for staying a fully unexhausted petition), that remedy is neither warranted nor justified here. He has the full one-year federal limitations period in which to file his federal application once his direct-appeal delays expire and his state-court conviction and sentence become final for purposes of the AEDPA.

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[11]

New Orleans, Louisiana, this _____1st_____ day of _____December_____, 2016.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.